# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Allen Shepersky, | Civil No. 09-2049(PJS/SRN) |
| Petitioner, | |
| v. | **REPORT & RECOMMENDATION** |
| Timothy Wengler, Warden, | |
| Defendant. | |

Michael Allen Shepersky, Minnesota Correctional Facility, 1101 Linden Lane, Faribault, Minnesota 55021, Pro Se.

Russell Conrow, Lake County Attorney, Lake County Attorney's Office, 601 3rd Ave., Two Harbors, Minnesota 55616, for Defendant

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter comes before the undersigned United States Magistrate Judge on Defendant's Motion to Dismiss (Doc. No. 4). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a).

## I.    FACTUAL AND PROCEDURAL HISTORY[1]

Michael Shepersky filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 5, 2009. (Doc. No. 1.) Petitioner is currently serving a 15-year sentence at the Minnesota Correctional Facility in Faribault for five offenses arising from separate incidents occurring in late 2004 and early 2005. The offenses include fifth-degree assault, second-degree

---

[1] This Court's recitation of facts is based on the Petition, the opinions of the Minnesota Court of Appeals in Shepersky v. Minnesota, No. A07-1525, 2008 WL 3897444 (Minn. Ct. App. Aug. 26, 2008) and Minnesota v. Shepersky, No. A06-905, 2007 WL 2302458 (Minn. Ct. App. Aug. 14, 2007, and a review of the Minnesota Court of Appeals' online docket, http://macsnc.courts.state.mn.us/ctrack/search. Neither party has suggested that they disagree with the recitation of facts in the opinions of the Minnesota Court of Appeals.

assault, drive-by shooting and two driving while impaired offenses. Pursuant to a single plea agreement on four offenses which resolved all of the then-pending charges (drive-by shooting, fifth-degree assault, second-degree assault and one of the driving while impaired offenses), the Lake County District Court sentenced Petitioner on February 9, 2006. Shepersky v. Minnesota, No. A07-1525, 2008 WL 3897444 (Minn. Ct. App. Aug. 26, 2008). The plea agreement did not include one of the two driving while impaired charges, for which Petitioner was convicted following a jury trial. (Petition at 3.)

On May 10, 2006, Petitioner filed direct appeals with the Minnesota Court of Appeals, which were apparently docketed as two files, A06-904 (the "'904 Direct Appeal") and A06-905 (the "'905 Direct Appeal"). The '905 Direct Appeal dealt with Petitioner's driving while impaired jury trial conviction. Minnesota v. Shepersky, No. A06-905, 2007 WL 2302458 at *1 (Minn. Ct. App. Aug. 14, 2007). The Minnesota Court of Appeals denied the '905 Direct Appeal on August 14, 2007, Minnesota v. Shepersky, No. A06-905, 2007 WL 2302458) (Minn. Ct. App. Aug. 14, 2007), and the Minnesota Supreme Court denied review on October 16, 2007. Petitioner does not challenge this conviction for driving while impaired in his habeas petition, although he lists it as an offense for which he was sentenced. (See Petition at 2, ¶ 5.)

The '904 Direct Appeal appears to have involved at least two of the four district court case files covered by the plea agreement (drive-by shooting and driving while impaired). Lake County District Court file number 05-219, assigned to one of Petitioner's driving while impaired offenses, and Lake County District Court file number K8-04-504, assigned to his drive-by shooting offense, are both cross-referenced in the caption to Petitioner's May 10, 2006 Notice of Appeal to the Court of Appeals. (Notice of Appeal, Ex. C to Pet.'s Mem. Resp. Mot. Dismiss, Doc. No. 8.) On November 20, 2006, Petitioner voluntarily withdrew his '904 Direct Appeal

(see Notice of Dismissal of 11/20/09, Ex. 2 to Def.'s Mem. Supp. Mot. Dismiss) and the Court of Appeals ordered the dismissal of the appeal on November 22, 2006.

On February 2, 2007, Petitioner filed a petition for post-conviction relief as to the four offenses to which he pled guilty. See Shepersky, 2008 WL 3897444 at *2. The Lake County District court denied his petition on June 8, 2007, the Minnesota Court of Appeals affirmed the denial of post-conviction relief on August 26, 2008, and the Minnesota Supreme Court affirmed the denial of post-conviction relief on December 23, 2008. Shepersky, 2008 WL 3897444 .

The instant habeas petition concerns the offenses for which Petitioner unsuccessfully sought post-conviction relief. In his habeas petition, Petitioner seeks relief on the following four grounds: (1) "a manifest injustice has occurred as I continue to claim actual innocence as I have since the day of being accused of the drive by shooting;" (Petition at 6); (2) "the State withheld exculpatory evidence of the drive by shooting which proved I was innocent creating a manifest injustice" (id. at 8); (3) "The State did not provide me with effective assistance of counsel when they refused to assign alternate counsel when there was a complete breakdown in the relationship between my attorney and me" (id. at 9); and (4) "The State should not have proceeded forward after I made a coercion accusation against my public defender, and the court and Chief Public Defendant promised a different attorney from the Minnesota Public Defender's Office would meet with me." (id. at 11).

Respondent Timothy Wengler, warden of the facility in which Petitioner is incarcerated, moves to dismiss, arguing that Petitioner has failed to file his habeas petition within the one-year deadline prescribed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1). Petitioner responds that his claim of actual innocence preempts any procedural bar and that the statute of limitations was tolled from May 10, 2006 to November 20, 2006 – the

period from which he filed a direct appeal until he voluntarily withdrew that appeal.

## II. DISCUSSION

The AEDPA imposes a one-year statute of limitations on habeas petitions by persons in custody pursuant to a judgment by a state court. 28 U.S.C. § 2244(d)(1). As applicable in this case, the limitations period begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Id. at 2244(d)(1)(A). The limitations period is tolled, however, while an application for post-conviction relief or other collateral review is pending. Id. at § 2241(d)(2).

First, there are certain offenses for which the statute of limitations has clearly run. With respect to his driving while impaired conviction that Petitioner challenged in his '905 Direct Appeal, the Minnesota Supreme Court denied review of that appeal on October 16, 2007. Adding a ninety-day period in which Petitioner could have sought a writ of certiorari, the one-year statute of limitations appears to have begun to run on or about January 16, 2008 and to have expired on January 16, 2009. Petitioner does not appear to challenge this conviction in his habeas petition.

Second, it would appear that Petitioner never challenged his fifth-degree assault conviction, as the district court file number for that conviction, CR-05-031, does not appear in his '904 Direct Appeal, was not listed in his '905 Direct Appeal and was not listed in his post-conviction relief petition. While the Court of Appeals discusses the offenses to which Petitioner pled guilty in its opinion in Shepersky, 2008 WL 3897444 at * 1, and the fifth-degree assault offense is perhaps included in the Court of Appeals' narrative, the opinion does not cross-reference the district court file number for that charge nor specifically refer to "fifth-degree assault." Petitioner was sentenced for the fifth-degree assault offense on February 9, 2006 and

4

the statute began to run on May 10, 2006, following the expiration of the ninety-day appeal period. Because Petitioner apparently never challenged that conviction, the one-year statute of limitations has expired.

As to the convictions at issue in the instant habeas petition, Respondent argues that the one-year statute of limitations began to run on May 10, 2006, without providing explanation for why that date is the applicable starting point, and was tolled 268 days later by the filing of Petitioner's Petition for Post-Conviction Relief on February 2, 2007. Although the Minnesota Supreme Court denied review on December 23, 2008, Respondent, again without explanation, argues that the statute began to run again on March 23, 2009, and expired on June 28, 2009.

Although Respondent provides no explanation for his calculation, the Court assumes Respondent's reasoning is that Petitioner had a ninety-day period in which to appeal the entry of judgment, which was February 9, 2009, the date on which the Lake County District Court sentenced Petitioner. If this assumption is correct, the ninety-day appeal period would have expired, and the statute of limitations would have started running, on May 10, 2006.

Respondent, however, does not address the effect of the filing of the '904 Direct Appeal upon the time calculation and the statute of limitations. Petitioner, in response, argues that the filing and dismissal of the '904 Direct Appeal from May 10, 2006 until November 20, 2006 "do not count toward any period of limitation."[2] (Pet.'s Mem. Resp. Mot. Dismiss at 4, Doc. No. 7.) In support of his argument, Petitioner cites to the following language in the AEDPA:

> The time during which a properly filed application for State post conviction or other collateral review with the respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

---

[2] The date upon which Petitioner's Notice of Dismissal was ruled upon by the Minnesota Court of Appeals – November 22, 2006 – would appear to be the more appropriate ending date, for purposes of Petitioner's argument.

5

subsection.

28 U.S.C. § 2244(d)(2). Petitioner cites to this tolling provision of the AEDPA, however, without first identifying the date on which judgment became final under Section 2244(d)(1)(A).

Respondent apparently contends that by virtue of Petitioner's withdrawal of the '904 Direct Appeal, it nullified the filing of that appeal as if it had never existed. Respondent, however, does not expressly state this, nor provide any factual support or legal authority for this proposition. Rather, Respondent simply argues that the statute of limitations began running on May 10, 2006 and was not tolled until the filing of Petitioner's Petition for Post-Conviction Relief on February 2, 2007.

Respondent further argues that the statute of limitations began running again "on March 23, 2009 and 97 days later, on June 28, 2009, the AEDPA's statute of limitations expired." (Resp.'s Mem. Supp. Mot. Dismiss at 4.) Again, Respondent provides no explanation for how he arrived at this calculation. The Court must assume that because the Minnesota Supreme Court denied review of Petitioner's post-conviction relief on December 23, 2008, Respondent has included in the tolled time a ninety-day appeal period, during which Petitioner could seek a writ of certiorari with the United States Supreme Court. However, the one-year statute of limitations under the AEDPA is not tolled for the ninety-day period following final denial of state post-conviction relief, during which a petitioner may seek a writ of certiorari from the United States Supreme Court. Snow v. Ault, 238 F.3d 1033, 1035 (8th Cir. 2001), cert. denied, 532 U.S. 998 (2001).

The Court finds that the statute of limitations has not expired and that the habeas petition must be considered on the merits. The one-year statute of limitations would have run on May 10, 2006 – the date on which judgment became final, in light of the ninety-day appeal period

following Petitioner's February 9, 2006 sentencing. However, on the 90th day, Petitioner filed the '904 Direct Appeal. The filing of this appeal tolled the statute of limitations for the period during which it was pending. Petitioner filed a notice of dismissal of the '904 Direct Appeal on November 20, 2006 (see Ex. 2 to Resp.'s Mem. Supp. Mot. Dismiss, Doc. No. 4-2 at 2) and the Minnesota Court of Appeals issued an order of dismissal on November 22, 2006. There is no indication that the appeal was filed simply to stop the clock or for any improper purpose. Rather, due to some apparent delays in receiving transcripts (see Ex. D to Pet.'s Mem. Resp. Mot. Dismiss), and in consultation with his counsel, Petitioner elected to withdraw that pending appeal and to file a post-conviction petition. (See Pet.'s Mem. Resp. Mot. Dismiss at 4.) The Court concludes that, pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations was tolled during the pendency of the '904 Direct Appeal from May 10, 2006 until November 22, 2006. From November 22, 2006 until the filing of Petitioner's Petition for Post-Conviction Relief on February 2, 2007, however, the statute was running for a period of 72 days.

With the filing of Petitioner's Petition for Post-Conviction Relief on February 2, 2007, the statute was tolled during the entire period that Petitioner's post-conviction appeal was pending. See 28 U.S.C. § 2244(d)(2). When the Minnesota Supreme Court denied review of Petitioner's post-conviction appeal on December 23, 2008, the statute started to run again. As noted previously, there is no additional ninety-day period in which to seek a writ of certiorari with the United States Supreme Court following final review of a state post-conviction appeal. Snow v. Ault, 238 F.3d at 1035. The statute of limitations therefore ran from December 23, 2008 until the filing of the instant habeas petition on August 5, 2009, a period of 225 days. Adding those 225 days to the 72 days in which the statute ran from November 2006 until February 2007, totals 297 days. Those 297 days are within the AEDPA's one-year statute of

limitations. The Court accordingly recommends that Respondent's Motion to Dismiss be denied and that Respondent address the Petition on the merits.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

Defendant's Motion to Dismiss (Doc. No. 4) be **DENIED**.

Dated: January 6, 2010

                                         s/Susan Richard Nelson

                                         SUSAN RICHARD NELSON
                                         United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **January 21, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.