UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL ALLEN SHEPERSKY, | Case No. 09-CV-2049 (PJS/SRN) |
| Petitioner, | |
| | ORDER ADOPTING REPORT AND |
| v. | RECOMMENDATION |
| TIMOTHY WENGLER, | |
| Respondent. | |

Michael Allen Shepersky, pro se.

Kimberly R. Parker, Matthew Frank, MINNESOTA ATTORNEY GENERAL'S OFFICE; Russell H. Conrow, LAKE COUNTY ATTORNEY, for respondent.

Petitioner Michael Shepersky is currently serving a 15-year sentence in state prison for five offenses that occurred on separate occasions in late 2004 and 2005. Shepersky's five convictions include drive-by shooting; fifth-degree assault; second-degree assault; and two convictions for driving while impaired. Pursuant to a complex plea agreement with multiple prosecutors in different counties, Shepersky entered *Goulette*[1] pleas to the drive-by-shooting and assault offenses and pleaded guilty to one of the driving-while-impaired offenses. (He had earlier been found guilty by a jury of the remaining driving-while-impaired offense.) Under the plea agreement, Shepersky's sentence was capped at 15 years (which was a downward departure from the presumptive sentence) and resulted in the dismissal (by this Court's count) of fifteen other charges, as well as the offer of a favorable plea agreement to Shepersky's wife (who was

---

[1] A *Goulette* plea is the Minnesota equivalent of an *Alford* plea. *See State v. Goulette*, 258 N.W.2d 758 (Minn. 1977); *North Carolina v. Alford*, 400 U.S. 25 (1970).

charged with felony-level aiding and abetting) and the return of a cash bond and a car that was the subject of forfeiture proceedings.

Despite being the beneficiary of what appears to have been a very favorable plea bargain, Shepersky brings a habeas petition under 28 U.S.C. § 2254, contending, among other things, that he received ineffective assistance of counsel and that his guilty pleas were invalid for various reasons. This matter is before the Court on Shepersky's objection to Magistrate (now District) Judge Susan R. Nelson's September 10, 2010 Report and Recommendation ("R&R"). Judge Nelson recommends that Shepersky's petition be denied, that this action be dismissed with prejudice, and that no certificate of appealability issue.

The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). That review included a painstaking examination of the large and complicated record in this case. Having completed that review, the Court now adopts the R&R.

For the most part, Shepersky's arguments in favor of habeas relief are addressed and correctly rejected in Judge Nelson's R&R. Only a few issues merit comment.[2]

*First*, Shepersky objects to Judge Nelson's failure to hold an evidentiary hearing on his habeas petition. But (with certain exceptions) a federal district court may not hold an evidentiary hearing on a § 2254 petition if the petitioner failed, through lack of diligence, to develop the factual basis for his habeas claims during the underlying state-court proceedings. 28 U.S.C. § 2254(e)(2); *see Williams v. Taylor*, 529 U.S. 420, 432 (2000); *Williams v. Norris*, 576 F.3d 850, 860 (8th Cir. 2009) ("Only if the habeas petitioner was unable to develop his claim in

---

[2]The Court notes one inadvertent error in the R&R. The R&R repeatedly refers to Shepersky's trial attorney as Steven P. *Cox*. In fact, his name is Steven P. *Coz*.

state court despite diligent effort is an evidentiary hearing not barred by § 2254(e)(2)." (citation and quotations omitted)), *cert. denied*, 131 S. Ct. 558 (2010).  Moreover, even if an evidentiary hearing is not barred by § 2254(e)(2), that does not mean that the petitioner is entitled to a hearing.  Instead, whether to grant a hearing is "generally left to the sound discretion of district courts."  *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

An evidentiary hearing is not necessary when the alleged facts, if proven, would not entitle the petitioner to relief.  *See Johnston v. Luebbers*, 288 F.3d 1048, 1059 (8th Cir. 2002). Likewise, an evidentiary hearing is not necessary when the existing record refutes the petitioner's factual allegations.  *Landrigan*, 550 U.S. at 474.  In determining whether an evidentiary hearing is necessary, district courts must bear in mind the deferential standard of habeas review under § 2254(d).  *Id.*  In this case, no evidentiary hearing is necessary because, as described in the R&R, the record developed in state court demonstrates that Shepersky is not entitled to relief.

*Second*, Shepersky objects to Judge Nelson's conclusion that Ground Two of his habeas petition is procedurally defaulted.  In Ground Two, Shepersky claims that the state withheld exculpatory evidence relating to his drive-by-shooting offense.  Shepersky's argument on this point is unclear, but he seems to be saying that, because he did not receive a hearing on his state-court petition for post-conviction relief, the state deprived him of the opportunity to exhaust his remedies and therefore his claim is not procedurally defaulted.[3]  The Court disagrees.  Shepersky

---

[3]Shepersky argues that, contrary to Judge Nelson's description of the procedural history of his state case, he did not have "two hearings" on his post-conviction petition in state court. Instead, Shepersky says, there were two telephone conferences involving the attorneys and the court — telephone conferences in which he did not participate.  Judge Nelson's shorthand

(continued...)

made written submissions to the state court, and nothing prevented Shepersky from making the claim described in Ground Two in those written submissions. The state court's refusal to hold an evidentiary hearing might be relevant to whether this Court may, consistent with § 2254(e)(2), hold an evidentiary hearing. But such refusal is not relevant to whether Shepersky asserted the claim underlying Ground Two in state court.

Moreover, as Judge Nelson correctly pointed out, even if Ground Two is not procedurally defaulted, it is plainly meritless. Shepersky's claim that the state withheld exculpatory evidence relating to his drive-by-shooting offense fails for the simple reason that the evidence to which Shepersky is referring — the results of the victim's polygraph test and the victim's admission that he had shot into his own home to make Shepersky's conduct look worse — was in fact disclosed to Shepersky approximately three months before his January 26, 2006 guilty plea. *See* Pet'r Ex. 16 ¶¶ 19-20 (Shepersky's affidavit stating that he was notified of the polygraph results and the victim's admission in late October 2005). Thus, even if the prosecutor had a constitutionally mandated duty to turn over this exculpatory evidence before Shepersky pleaded guilty — a proposition that is not without some doubt, *cf. United States v. Ruiz*, 536 U.S. 622, 633 (2002) (holding that the government was not required to disclose material impeachment evidence before entering into a plea agreement with the defendant) — the prosecutor met that duty in Shepersky's case.

---

[3](...continued)
reference to these telephone conferences as "hearings" was not an assertion that the state court held two evidentiary hearings, as Shepersky seems to believe. Moreover, nothing in Judge Nelson's analysis turned on her description of these conferences as "hearings." Instead, Judge Nelson was simply describing the avenues through which Shepersky's post-conviction counsel presented Shepersky's claims.

The Court also notes that Shepersky's description of this evidence is highly misleading. For example, Shepersky repeatedly asserts that the alleged victim admitted that he fired the shots at his own home, and thus this "withheld" admission (which, as just explained, was not withheld) proves that Shepersky is innocent of the drive-by-shooting charge.  But Shepersky conveniently ignores that, although the victim admitted shooting into his own home in an attempt to make Shepersky's crime appear *worse* than it was, the victim never recanted his claim that Shepersky *committed a crime* — specifically, that Shepersky shot at the victim's pole building, pointed a gun at his face, and threatened to kill him.  *See* Pet'r Exs. N, O.  Shepersky also ignores other evidence consistent with the victim's story, such as the ballistics evidence indicating that two different guns were involved in the incident and the evidence that Shepersky possessed a small pistol.  *See* Pet'r Ex. B at 10 (prosecutor's discussion of evidence at sentencing hearing). Contrary to Shepersky's repeated assertions, the "withheld" evidence does not come close to establishing his innocence.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court ADOPTS Judge Nelson's September 10, 2010 R&R [Docket No. 21].  IT IS HEREBY ORDERED THAT:

1.   Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Docket No. 1] is DENIED.

2.   This action is DISMISSED WITH PREJUDICE.

3.   No certificate of appealability will issue.

4.      Respondent's motion to dismiss [Docket No. 11] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 28, 2011                          s/Patrick J. Schiltz
                                                Patrick J. Schiltz
                                                United States District Judge